**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | **CIVIL ACTION NO.    3:09-905-JFA-JRM** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **BENEDICT COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (white) and to provide appropriate relief to Argiri Aggelopoulou, Michael Hale, and Katherine Mille who were adversely affected by the practices.  As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Benedict College  ("Defendant") discriminated against Argiri Aggelopoulou, Michael Hale, and Katherine Mille on the basis of race (white) when it: (1) failed to select Ms. Aggelopoulou for an Assistant Professor position; and (2) discharged Aggelopoulou, Hale, and Mille by failing to renew their teaching contracts.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division.  This lawsuit is being filed in the Columbia Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred in Richland county which is within the Columbia Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Benedict College has been a non-profit corporation, incorporated in South Carolina, doing business in the state of South Carolina and City of Columbia, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Benedict College has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Argiri Aggelopoulou, Michael Hale, and Katherine Mille filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      During the period from January 2005 to March 2005, Defendant, a historically black college, engaged in unlawful employment practices at its campus located in Columbia,

2

South Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as set

forth below:

      a.      In December 2004, Aggelopoulou applied for a position with Defendant as Assistant Professor of Art History for which she was qualified.  In February 2005, Defendant failed to hire Aggelopoulou for the position because of her race. Defendant subsequently hired an African American individual.

      b.      On or around March 9, 2005, Defendant discharged Aggelopoulou, Instructor of Art; Michael Hale, Assistant Professor of Art; and Katherine Mille, Associate Professor of English, because of their race.

8.      The effect of the practices complained of in paragraph 7 above has been to

deprive Argiri Aggelopoulou, Michael Hale, and Katherine Mille, of their equal employment

opportunities and otherwise adversely affect the status of each as an employee because of race.

9.      The unlawful employment practices complained of in paragraph 7 above were

intentional.

10.      The unlawful employment practices complained of in paragraph 7 above were

done with malice or with reckless indifference to the federally protected rights of Argiri

Aggelopoulou, Michael Hale and Katherine Mille.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, and all persons in active concert or participation with it, from failing to hire employees

on the basis of their race or from any other employment practice that discriminates on the basis

of race.

B.      Order Defendant to institute and carry out policies, practices, and programs that

provide equal employment opportunities for white employees, and which eradicate the effects of

3

their past and present unlawful employment practices.

C.      Order Defendant to make whole Argiri Aggelopoulou, Michael Hale, and Katherine Mille by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to reinstatement or front pay.

D.      Order Defendant to make whole Argiri Aggelopoulou, Michael Hale, and Katherine Mille by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses, in amounts to be determined at trial.

E.      Order Defendant to make whole Argiri Aggelopoulou, Michael Hale, and Katherine Mille by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.      Order Defendant to pay Argiri Aggelopoulou, Michael Hale and Katherine Mille punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 8th day of April, 2009.

Respectfully submitted,


JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

 s/ Mary M. Ryerse
MARY M. RYERSE
Trial Attorney (Bar No. 9604)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6886
Facsimile: 704.344.6780
E-mail: mary.ryerse@eeoc.gov


ATTORNEYS FOR PLAINTIFF