IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | C/A No.: 3:09-905-JFA |
| Plaintiff, | ) ) ) | CONSENT DECREE |
| v. | ) ) | |
| BENEDICT COLLEGE, | ) ) | |
| Defendant. | ) ) ) | |

    The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Benedict College ("Defendant") discriminated against Michael Hale, Katherine Mille and Argiri Aggelopoulou on the basis of race (white). This Consent Decree, being entered into with the consent of the Commission and Benedict College, shall in no way constitute an adjudication or finding on the merits of this case nor be construed as an admission by Benedict College or a finding of wrongdoing or violation of any applicable federal law or regulation or a waiver by the Commission of any allegation of discrimination.

    The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

    The parties have advised this Court that they desire to resolve the allegations in the Commission's complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the amount of One Hundred Sixty-Five Thousand Dollars ($ 165,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing checks payable as follows:

   a. To Michael Hale in the amount of Fifty-five Thousand Dollars ($ 55,000.00).

   b. To Katherine Mille in the amount of Fifty-five Thousand Dollars ($ 55,000.00).

   c. To Argiri Aggelopoulou in the amount of Fifty-five Thousand Dollars ($ 55,000.00).

Defendant shall issue an IRS tax form 1099 to each claimant identified above reflecting payment to that claimant. Each claimant shall be solely responsible to pay any and all taxes arising out of payment of these settlement proceeds.

Payment shall be made within twenty (20) days after the Court approves this Consent Decree. Defendant shall mail the checks to Mr. Hale, Ms. Mille and Ms. Aggelopoulou at addresses provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of each check and proof of its delivery to Mr. Hale, Ms. Mille and Ms. Aggelopoulou.

4.     Payment of the amount agreed upon in paragraph 3 is conditioned upon Defendant counsel's receipt of fully executed Releases from Mr. Hale, Ms. Mille, and Ms. Aggelopoulou. Defendant agrees to pay up to two hundred dollars ($200.00) per person for Mr. Hale, Ms. Mille and Ms. Aggelopoulou to each retain private counsel for the sole purpose of reviewing Defendant's release. Payment will be made directly to the attorneys chosen and designated by Mr. Hale, Ms. Mille and Ms. Aggelopoulou.

5.     Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the official personnel files of Michael Hale, Katherine Mille and Argiri Aggelopoulou any and all documents, entries, or references to EEOC Charge Number 14C-2006-00022 (Hale), EEOC Charge Number 14C-2006-00327 (Mille), and EEOC Charge No. 14C-2005-02826 (Aggelopoulou) and any reference to this action. Within ten (10) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

6.     Defendant agrees to provide Michael Hale, Katherine Mille and Argiri Aggelopoulou

with neutral letters of reference, copies of which are attached hereto, marked as Appendix A, B and C. Mr. Hale, Ms. Mille and Ms. Aggelopoulou shall direct any employment verification requests to the Director of Human Resources at Benedict College. If Defendant receives any inquiries regarding the employment of Mr. Hale, Ms. Mille or Ms. Aggelopoulou, in lieu of oral response, Defendant shall provide a copy of the appropriate letter of reference. At the same time that the letter of reference is provided as noted above, a copy shall be mailed to the EEOC, to the attention of Lynette A. Barnes, Regional Attorney.

7.     Defendant has in place an Equal Employment Opportunity policy, a copy of which is attached at Appendix D, that it shall maintain throughout the term of this decree. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall redistribute to its current employees a copy of its Equal Employment Opportunity policy. Within forty-five (45) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute its policy to each new employee and train each new employee on the policy at the time of hire.

8.     During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in all of its facilities where regular employee notices are posted, as identified in Appendix E. In each facility, the copy of the policy shall be posted in a place where it is visible to employees. Within thirty-five (35) days after the Consent Decree is entered, Defendant will post its policy and notify the Commission that it has been posted. If a policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

9.     During the term of this Decree, Defendant shall provide a training program to all of its administrators, faculty, and employees. Each training program shall include an explanation of

the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against race discrimination. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program and all subsequent training programs, shall include all administrators, faculty, and employees, and shall be conducted at approximately one-year intervals beginning in or around the month of August 2009.

At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix F, hereby made a part of this Decree, in each of its facilities in a place where it is visible to employees at the facility. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

A. the identities of all full-time faculty whose teaching contracts are terminated or not renewed at any time during the reporting period, including by way of identification each faculty member's full name, race, position, department and school, last known address, and last known telephone number;

B. the identities of all individuals who were promoted to or hired into Assistant Professor or Associate Professor positions at any time during the reporting period, including by way of identification each individual's full name, race, date of promotion or hire, department and school, last known address, and last known telephone number;

C. the identities of all individuals who were denied tenure at any time during the reporting period, including by way of identification each individual's full name, race, date of hire, date of application for tenure, department and school, last known address, and last known telephone number;

For each of the employment decisions identified in response to 11(A)-11(C) above, Defendant shall maintain sufficient and adequate records to identify persons involved in making the personnel decisions; the reasons for the personnel decisions; and all other persons considered for the positions at issue. The identity of each such person identified pursuant to this paragraph shall include the race of the individual, if known. Said records shall be produced to the EEOC upon the EEOC's request, with seven (7) business days notice to Defendant.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12.     The Commission may review compliance with paragraphs 8 and 10 of this Decree without prior notice to Defendant.

13. If at anytime during the term of this Decree, the Commission believes that the Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to the Defendant and following 24 hours notice to Defendant, may inspect Defendant's facilities, interview employees and examine and copy documents.  The Defendant shall have twenty (20) days in which to investigate and respond to the allegations.  Thereafter, the Commission and the Defendant shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Decree shall be for two and one half (2½) years from its entry by the Court.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.  All reports or notices sent to Benedict College shall be sent to the Office of President of Benedict College.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.  The Decree shall expire by its own terms at the end of two and one half (2½) years without further action by the parties.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 27, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

[Defendant BENEDICT COLLEGE letterhead]

[insert date]

TO WHOM IT MAY CONCERN:

This is to provide the following reference on behalf of Michael Hale.

Need dates of employment
Positions held
Ending salary


Sincerely,


Betty Jenkins
Director of Human Resources

[Defendant BENEDICT COLLEGE letterhead]

[insert date]

TO WHOM IT MAY CONCERN:

This is to provide the following reference on behalf of Katherine Mille.

Need dates of employment
Positions held
Ending salary

Sincerely,

Betty Jenkins
Director of Human Resources

[Defendant BENEDICT COLLEGE letterhead]

[insert date]

TO WHOM IT MAY CONCERN:

This is to provide the following reference on behalf of Argiri Aggelopoulou.

Need dates of employment
Positions held
Ending salary

Sincerely,

Betty Jenkins
Director of Human Resources

EQUAL EMPLOYMENT OPPORTUNITY

It is the policy of Benedict College to provide equal opportunity for all employees and applicants regardless of race, color, religion, sex, national origin, age, disability, or veteran status. In connection with its equal opportunity policy, Benedict College prohibits discrimination in recruitment, employment, promotion, compensation, discipline, training, layoffs, discharge or any other aspect of employment at Benedict College.

Facilities

1. Human Resource Center
2. Learning Resource Center
3. Fine Arts Building
4. Lamarr Building
5. Starks Hall
6. Bacoats Hall
7. Alumni Hall
8. Duckett Hall
9. Radio/TV Station

# EMPLOYEE NOTICE

1. It is the policy of Benedict College to provide equal opportunity for all employees and applicants regardless of race, color, religion, sex, national origin, age, disability, or veteran status. In connection with its equal opportunity policy, Benedict College prohibits discrimination in recruitment, employment, promotion, compensation, discipline, training, layoffs, discharge or any other aspect of employment at Benedict College.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, assistance, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Benedict College will comply with such federal laws in all respects. Furthermore, Benedict College will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two and one half (2 ½) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2011.